# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Mark Hagerman, | Case No.: 2:24-cv-01805-APG-EJY |
| Plaintiff, | **Order** |
| v. | |
| Shabazz, *et al.*, | |
| Defendants. | |

This action commenced when Plaintiff filed his 42 U.S.C. § 1983 Civil Rights Complaint on September 25, 2024. ECF No. 1-1. Plaintiff also filed an application to proceed *in forma pauperis*. ECF No. 6. The financial information provided by Plaintiff demonstrates he is unable to prepay the filing fee in this matter.

On July 10, 2025, the Court imposed a stay and ordered the parties to mediate with a court-appointed mediator. ECF No. 9. At the scheduled time for mediation, however, Plaintiff refused to participate. ECF No. 12. Meanwhile, all other parties—including the mediator, a courtroom administrator, defense counsel, the HDSP warden, and the NDOC tort claims manager—were present and ready to proceed. *Id.* Plaintiff then filed a Motion asking to re-set the mediation "due to not having [his] personal property and legal work to properly prepare for [his] mediation hearing." ECF No. 13.

The Court denies Plaintiff's motion. Plaintiff had nearly two months to prepare for mediation after it was set. If Plaintiff felt that he needed more time for whatever reason, then he should have raised that issue either to the mediator or the Court before mediation occurred, or at the mediation itself. *See* ECF No. 11 at 3 (Order setting mediation, providing that "[a]ny request to be excused from attending the mediation must be made in writing to the mediator at least a week prior to the mediation"). Instead, Plaintiff simply refused to appear. It requires significant time and resources to set and hold mediations through the inmate early mediation program, and it would not be an efficient use of those limited resources to schedule a second mediation in this case. So

1

this case will proceed on the normal litigation track, though the parties are free to engage in settlement discussions on their own.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to re-set a mediation conference (ECF No. 13) is **DENIED**.

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

3. Under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Mark Hagerman, #1093533** to the Clerk of the United States District Court, District of Nevada, at a rate of 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will **SEND** a copy of this Order (1) to the Finance Division of the Clerk's Office and (2) to the attention of the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

4. In the event that this action is dismissed, the filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

5. The Clerk of the Court will electronically **SERVE** a copy of this Order, the Screening Order (ECF No. 7), and Plaintiff's Complaint (ECF No. 8) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

6. Subject to the findings of the Screening Order (ECF No. 7), within 21 days of the date of entry of this Order, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Attorney General's Office must file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a

post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

      7.      If service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) the Attorney General's Office cannot provide last-known-address information, Plaintiff must provide the full name and address, if known, for the defendant(s).

      8.      If the Attorney General's Office accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the Complaint (ECF No. 8) within 60 days from the date of this Order.

      9.      Service of the operative complaint on defendants must be accomplished within 90 days of the date of this Order.

      10.      Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service.

      11.      This case is no longer stayed.

Dated this 8th day of October, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE